UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FANTASTIC SAMS FRANCHISE CORP., <br>            Plaintiff, <br>   <br> v. <br>   <br> TALUKDERS INC., a Georgia Corporation, <br> TALUKDER1, LLC, a Georgia Company, <br> SHANTANU TALUKDER, an individual, <br> MRINMOYEE TALUKDER, an individual, <br> PAULA GOMEZ, an individual, and <br> MICHELLE SCOTT, an individual, <br>            Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**COMPLAINT FOR INJUNCTIVE RELIEF**

Plaintiff Fantastic Sams Franchise Corporation ("Fantastic Sams"), by its attorneys, for its Complaint against defendants Talukders Inc., Talukder1, LLC, Shantanu Talukder, Mrinmoyee Talukder, Paula Gomez, and Michelle Scott, states as follows:

**INTRODUCTION**

1.      This action arises out of defendants' continued post-termination use of Fantastic Sams' trademarks and tradenames in violation of the Lanham Act and the parties' franchise agreements. The franchise agreements were terminated for cause after defendants began operating unlicensed medical spas inside their franchised salons.

2.      Despite the termination of the franchise agreements, defendants have continued to use Fantastic Sams' trademarks and trade names and substantially- and confusingly-similar ones in connection with their operation of competitive businesses at the same locations as their former Fantastic Sams salons. Fantastic Sams now brings this lawsuit to enjoin defendants from further infringing Fantastic Sams' trademarks.

**PARTIES**

3. Fantastic Sams is a Delaware corporation with its principal place of business located at 500 Cummings Center, Suite 1100, Beverly, Massachusetts 01915. Fantastic Sams is the national franchisor of the Fantastic Sams®-brand of haircare salons throughout the United States.

4. Defendant Talukders Inc. ("Talukders") is a Georgia corporation with its principal place of business in Roswell, Georgia. It is the former franchisee of a Fantastic Sams franchised salon in Roswell, Georgia, which it operated pursuant to a written franchise agreement with Fantastic Sams.

5. Defendant Talukder1, LLC ("Talukder1") is a limited liability company organized under the laws of Georgia with its principal place of business in Roswell, Georgia. It is the former franchisee of a franchised Fantastic Sams salon in Fort Ogelthorpe, Georgia, which it operated pursuant to a written franchise agreement with Fantastic Sams.

6. Shantanu Talukder ("S. Talukder") is a citizen and resident of Georgia. He personally guaranteed the franchisees' payment and performance obligations under the franchise agreements.

7. Mrinmoyee Talukder ("M. Talukder") is a citizen and resident of Georgia and S. Talukder's wife. She personally guaranteed Talukder1's payment and performance obligations under its franchise agreement.

8. Paula Gomez is a citizen and resident of Georgia. She is the current owner and member of the franchisee entities.

9. Michelle Scott is a citizen and resident of Georgia. She is also a current owner or member of at least one of the franchisee entities.

## JURISDICTION AND VENUE

10. The Court has original subject matter jurisdiction of this civil action under 28 U.S.C §§ 1331, 1338, and 1367, in that this is a civil action arising under the laws of the United States, including an Act of Congress relating to trademarks, and wherein all other claims are so related to the claims within the Court's original jurisdiction that they form part of the same case and controversy.

11. Venue is proper in this judicial district under 28 U.S.C. § 1391, in that a substantial part of the events or omissions giving rise to the claims asserted in this complaint occurred in this judicial district.

12. Jurisdiction and venue are also proper in this judicial district because defendants expressly agreed in writing in both the franchise agreements and their guarantees that any action involving the parties would be brought exclusively in this Court, and they irrevocably consented to, and waived any objection to, jurisdiction of and venue in this Court.

## RELEVANT FACTS

**A.     The Fantastic Sams Franchise System**

13. Fantastic Sams is the franchisor of the Fantastic Sams brand of family haircare salons throughout the country.

14. Fantastic Sams salons offer, among other products and services, family-style haircuts, hairstyling, and hair products.

15. Fantastic Sams, as the result of the expenditure of time, skill, effort, and resources, has developed a unique and distinct format and system relating to the establishment and operation of Fantastic Sams salons.

16. Fantastic Sams grants franchises to qualified persons to establish and operate Fantastic Sams salons under written franchise agreements, together with a limited license to use certain Fantastic Sams trademarks with those salons.

17. To identify the source, origin, and sponsorship of Fantastic Sams' products and services, and to distinguish those products and services offered by others, Fantastic Sams and its authorized franchisees have extensively used certain trademarks, trade names, and service marks, and related marks, including the "Fantastic Sams" mark (the "FS Marks"), in connection with the operation of authorized Fantastic Sams salons.

18. Fantastic Sams owns the FS Marks.

19. The FS Marks are registered on the Principal Register of the United States Patent and Trademark Office. The registration of the FS Marks continues in full force and effect.

20. Fantastic Sams has given notice to the public of the registration of the FS Marks as provided in 15 U.S.C. § 1111 and complies with all legal requirements to ensure that it and its authorized franchisees remain the exclusive users of the FS Marks.

21. Fantastic Sams and its authorized franchisees have continuously used the FS Marks in interstate commerce in connection with the operation of Fantastic Sams salons and the promotion, offer, and sale of the products and services they offer throughout the United States, since the date of their registration.

22. Fantastic Sams and its authorized franchisees have extensively advertised and promoted the FS Marks and the products and services offered in association with those marks

throughout the United States through various media. As a result of such efforts and the substantial sums spent in connection therewith, the products and services offered at Fantastic Sams salons under the FS Marks have gained widespread public approval and have established demand and goodwill among consumers throughout the United States.

### B. Defendants' Franchise Agreement and Guarantees

23. Effective July 19, 2017, Talukders, as franchisee, entered into a franchise agreement with Fantastic Sams for the operation of a franchised Fantastic Sams salon at 660 West Crossville Road, Suite 120, Roswell, Georgia 30075 for a ten-year term.

24. S. Talukder wholly owned Talukders and personally guaranteed Talukders' payment and performance obligations under the franchise agreement, and agreed to be personally bound by, and personally liable for the breach of, each and every provision of the franchise agreement.

25. Talukders acquired the salon from a prior franchisee that had been continuously operating it at the same location since September 2008.

26. Effective September 8, 2017, Talukder1, as franchisee, entered into a franchise agreement with Fantastic Sams for the operation of a second franchised Fantastic Sams salon at 3008 Battlefield Parkway, Fort Ogelthorpe, Georgia 30742 for a ten-year term.

27. S. Talukder and M. Talukder were the members of Taluder1 and each personally guaranteed Talukder1's payment and performance obligations under the franchise agreement, and each agreed to be personally bound by, and personally liable for the breach of, each and every provision of the franchise agreement.

28. Talukder1 acquired the Fort Ogelthorpe salon from a prior franchisee that had been continuously operating it at the same location since September 2014.

29. The franchise agreements contain the same, or substantially similar, terms.

30. Under the franchise agreements, franchisees agreed to operate the salons in accordance with the agreements and Fantastic Sams' operation standards.

31. They further agreed to only offer, use, and sell products and services that were prescribed or approved by Fantastic Sams.

32. The franchise agreements granted Fantastic Sams the right to terminate, effective after notice and opportunity to cure, if franchisees and guarantors failed to comply with the above-referenced operational requirements, among other things.

33. In the event of termination, franchisees and guarantors agreed to immediately and permanently cease to use, in any manner whatsoever, the FS Marks, trade dress, business format, signs, structures, branded retail products, and any other advertising indicative of association with Fantastic Sams and otherwise de-identify as authorized and authentic Fantastic Sams salons.

34. Franchisees and guarantors also agreed to pay any costs or expenses, including attorneys' fees, incurred by Fantastic Sams in connection with its effort to enforce any rights under the franchise agreements.

    **C.**    **Termination of the Franchise Agreements**

35. Last year, Fantastic Sams discovered that the franchisees were operating unlicensed medical spas inside their franchised salons.

36. The spas offered unapproved services and products and advertised those services and products in connection with authorized Fantastic Sams salons' services and products.

37. This conduct constituted a material breach of the franchise agreements and reflected materially and unfavorably upon the operation and reputation of the Fantastic Sams system.

38. On November 28, 2018, Fantastic Sams sent franchisees and guarantors notices of default, informing them that their operation of the unlicensed medical spas violated the franchise agreements' terms and demanding that they cure such defaults by closing the medical spas within 30 days after their receipt of the notices of default.

39. Franchisees and guarantors failed and refused to cure the defaults under the franchise agreements within the 30-day cure period afforded to them.

40. On January 17, 2019, Fantastic Sams issued notices of termination to franchisees and guarantors, informing them that the franchise agreements had each been terminated, effective upon receipt of the notices, for the above-referenced conduct.

41. The termination notices demanded that franchisors and guarantors comply with their post-termination obligations.

### D. Defendants' Post-Termination Use of the FS Marks

42. Fantastic Sams recently discovered that rather than comply with their post-termination obligations, guarantors sought to avoid them by improperly transferring ownership of the franchisee entities to defendants Gomez and Scott.

43. Defendants continue to operate salons and unlicensed medical spas at the same location as the formerly-franchised salons.

44. What's worse, the competitive salons operate under the identical "Fantastic Sams" mark or the confusingly similar "Fantastic Salon and Spa" mark.

45. They further offer the same, or substantially similar, products and services as the franchised salons.

46. The competitive businesses use the FS Marks in at least the following ways:

   a. Above the entrance to the salons;

      b.      In promotional materials;

      c.      On online websites;

      d.      On in-store signage;

      e.      On customer receipts.

47. Defendants also continue to sell proprietary Fantastic Sams-branded products.

48. Put simply, defendants continue to falsely hold their salons out to the public as authorized and authentic Fantastic Sams salons when they are not.

49. Moreover, despite claiming to have sold all interest in the salons, the guarantors continue to engage in various business activities on behalf of the salons.

50. The franchise agreements contain mandatory arbitration provisions, which exclude claims for preliminary injunctive relief to safeguard and protect Fantastic Sams' marks. Contemporaneously with filing this lawsuit, Fantastic Sams filed a demand for arbitration before the American Arbitration Association.

51. Fantastic Sams at all times fully performed all of its own obligations under the franchise agreements.

## COUNT I – TRADEMARK INFRINGEMENT

52. Fantastic Sams restates paragraphs 1 through 51.

53. Defendants' acts, practices, and conduct constitute an infringing use in interstate commerce of the FS Marks and have caused and are likely to continue to cause consumer confusion or mistake and to deceive the public in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

54. Defendants' misconduct has been, and continues to be, knowing and willful as evidenced by their complete disregard of Fantastic Sams' demand that they cease using the FS Marks and comply with their other post-termination obligations.

55. As a direct and proximate result of defendants' infringement, Fantastic Sams has suffered and, unless defendants' infringement is enjoined, will continue to suffer actual, substantial, and irreparable harm, including without limitation, diminution in the value of the FS Marks, diminution in the value of its goodwill and reputation, and incalculable lost revenues and profits.

56. Fantastic Sams has no adequate remedy at law because the FS Marks are unique and represent to the public the Fantastic Sams identity, reputation, and goodwill, such that damages alone cannot fully compensate Fantastic Sams for defendants' misconduct.

57. Unless enjoined by the Court, defendants will continue to use and to infringe the FS Marks to Fantastic Sams' irreparable injury. This threat of future injury to Fantastic Sams' business, identity, goodwill, and reputation requires injunctive relief to prevent defendants' continued use of the FS Marks, and to ameliorate and mitigate Fantastic Sams' injuries.

## COUNT II – UNFAIR COMPETITION

58. Fantastic Sams restates paragraph 1 through 57.

59. Defendants' acts, practices, and conduct constitute unfair competition, and false or misleading descriptions or representations of fact, in that they are likely to cause confusion or mistake, to deceive others, as to the affiliation, connection, or association of the parties, and/or to misrepresent the nature, characteristic, qualities, or geographic origin of the hair salon products and services being offered and sold by defendants, all in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

60. Defendants' misconduct has been, and continues to be, knowing and willful, as evidenced by their complete disregard of Fantastic Sams' demand that they cease using the FS Marks and comply with their other post-termination obligations.

61. As a direct and proximate result of defendants' infringement, Fantastic Sams has suffered and, unless defendants' infringement is enjoined, will continue to suffer actual, substantial, and irreparable harm, including, without limitation, diminution in the value of and damage to its goodwill and reputation, and incalculable lost revenues and profits.

62. Fantastic Sams has no adequate remedy at law because the FS Marks are unique and represent to the public the Fantastic Sams identity, reputation, and goodwill, such that damages alone cannot fully compensate Fantastic Sams for defendants' misconduct.

63. Unless enjoined by the Court, defendants will continue to compete unfairly with Fantastic Sams to its irreparable injury. This threat of future injury to Fantastic Sams' business, identity, goodwill, and reputation requires injunctive relief to prevent defendants' continued unfair competition, and to ameliorate and mitigate Fantastic Sams' injuries.

## COUNT III – BREACH OF CONTRACT – SPECIFIC PERFORMANCE

64. Fantastic Sams restates paragraph 1 through 63.

65. Franchisees' failure and refusal to comply with their post-termination obligations under the franchise agreements, including their obligations to de-identify their salons and cease all use of the FS Marks, constitute material breaches of those agreements.

66. As a result of franchisees' continuing breaches, Fantastic Sams has suffered and will continue to suffer actual, substantial, and irreparable harm, including but not limited to loss of customer goodwill and loyalty, franchise system instability, the inability to refranchise the

territory formerly serviced by franchisees' franchised Fantastic Sams salons, lost profits, and loss of competitive advantage.

67.     Further, Fantastic Sams has been and will be irreparably harmed by franchisees' actions, and monetary damages are an insufficient remedy in that they cannot fully and adequately compensate Fantastic Sams for the continuing damage to Fantastic Sams' goodwill and reputation, its system instability, and its inability to refranchise the territory, all of which are caused by franchisees' continuing material breaches.

68.     Absent relief enjoining their misconduct and ordering specific performance of their post-termination obligations, franchisees' material breaches will continue to cause Fantastic Sams irreparable harm.

## COUNT IV – BREACH OF GUARANTY – SPECIFIC PERFORMANCE

69.     Fantastic Sams restates paragraph 1 through 68.

70.     The guarantors' failure and refusal to comply with their post-termination obligations under the franchise agreements, including their obligations to de-identify their salons and cease all use of the FS Marks, constitute material breaches of those agreements.

71.     As a result of the guarantors' continuing breaches, Fantastic Sams has suffered and will continue to suffer actual, substantial, and irreparable harm, including but not limited to loss of customer goodwill and loyalty, franchise system instability, the inability to refranchise the territory formerly serviced by defendants' franchised Fantastic Sams salons, lost profits, and loss of competitive advantage.

72.     Further, Fantastic Sams has been and will be irreparably harmed by the guarantors' actions, and monetary damages are an insufficient remedy in that they cannot fully and adequately compensate Fantastic Sams for the continuing damage to Fantastic Sams' goodwill and reputation,

its system instability, and its inability to refranchise the territory, all of which are caused by the guarantors' continuing material breaches.

73.     Absent relief enjoining their misconduct and ordering specific performance of their post-termination obligations, the guarantors' material breaches will continue to cause Fantastic Sams irreparable harm.

**PRAYER FOR RELIEF**

**WHEREFORE**, Fantastic Sams respectfully prays for the following relief against defendants jointly and severally:

A.   A preliminary injunction enjoining defendants, and each of them, and their respective agents, servants, and employees, and all persons in active concert or participation with them from:

　　i. Using any of the FS Marks, or any trademark, service mark, logo, or trademark that is confusingly similar to the FS Marks;

　　ii. Otherwise infringing upon Fantastic Sams' trademarks or using any similar designation, alone or in combination with any other components;

　　iii. Passing off any products or services as those of authorized Fantastic Sams franchisees or as genuine Fantastic Sams products or services;

　　iv. Causing a likelihood of confusion or misunderstanding as to the source or sponsorship of their business, products, or services;

　　v. Causing a likelihood of confusion or misunderstanding as to their affiliation, connection, or association with Fantastic Sams, or with any of its products or services; and

　　vi. Unfairly competing with Fantastic Sams, in any manner;

B.   A preliminary injunction requiring franchisees' and guarantors, and each of them, and their respective agents, servants, and employees, and all person in active concert or participation with them to comply with their post-termination covenants to de-identify as a Fantastic Sams franchise by, including but not limited to, ceasing

   to use Fantastic Sams' trademarks and ceasing to offer and sell Fantastic Sams products;

C. An order that defendants file with the Court and serve upon Fantastic Sams' counsel within ten days after entry of any injunction issued herein, a sworn report setting forth in detail the manner in which they have complied with such injunction;

D. An award of the costs and expenses, including reasonable attorneys' fees, incurred by Fantastic Sams in connection with this action, as provided by the franchise agreements and guarantees; and

E. Such other further relief as the Court deems just and proper.

Dated: June 20, 2019       Respectfully submitted,

              **FANTASTIC SAMS FRANCHISE CORP.,**
              By its attorneys,

              /s/ Emily G. Coughlin
              Emily G. Coughlin, BBO# 554526
              Thomas A. Mountain, BBO# 672091
              COUGHLIN BETKE LLP
              175 Federal Street
              Boston, MA 02110
              (617)988-8050
              ecoughlin@coughlinbetke.com
              tmountain@coughlinbetke.com

              Fredric A. Cohen (to be admitted *pro hac vice*)
              Aaron-Michael Sapp (to be admitted *pro hac vice*)
              **CHENG COHEN LLC**
              311 North Aberdeen Street, Suite 400
              Chicago, Illinois 60607
              (312) 243-1701
              fredric.cohen@chengcohen.com
              aaron-michael.sapp@chengcohen.com